CASE 48—PETITION ORDINARY—OCTOBER 17.

# Wood vs. Laycock.

APPEAL FROM MASON CIRCUIT COURT.

A plaintiff cannot maintain an action for the malicious prosecution of a civil suit until after the legal termination in his favor of the suit complained of. And such termination must appear on the face of the petition. (12 *B. Mon.*, 553; 3 *Mon.*, 209; 1 *Hilliard on Torts*, 495.)

The rule *supra* may be said to be subject to exception in cases wherein, by statutory provision, an interlocutory order is declared final, as in the case of an order discharging an attachment, as provided by the *Civil Code, section* 292. But excep in cases of this class the prerequisite of a legal termination of the suit can .ot be dispensed with.

After answer to an action in equity brought for a settlement of a partnership, an injunction and restraining order, obtained by the plaintiff, was, on motion of the defendant, discharged, but no order made finally disposing of the action. The defendant in said action thereupon sued to recover damages against the plaintiff for maliciously and without probable cause bringing said action and suing out said injunction. *Held*—that the order discharging the injunction was interlocutory, and, there not having been a final termination of the suit, the action for malicious prosecution cannot be maintained.

W. H. WADSWORTH, for appellant, cited *Litt. Sel. Cases*, 448; 5 *J. J. Mar.*, 246; 3 *Mon.*, 209; 12 *B. Mon.*, 553; 1 *Hilliard on Torts*, 460, 473; 4 *Litt.*, 335; 12 *Mod.*, 208; 10 *Ib.*, 217; 38

*Maine*, 523; 8 *B. Mon.*, 198; *Shultz vs. Morrison, ante;* 11 *Ala.*, 916; 6 *Barb.*, 83.

STANTON & THROOP, on same side, cited 8 *B. Mon.*, 52; 26 *Barb.*, 564; 9 *Robinson*, (*La.*) 90; 2 *Louisiana*, (*annual,*) 720; 21 *Ala.*, 491; 2 *Blackford*, 457; 3. *Mon.*, 209; 12 *B. Mon.*, 553.

H. TAYLOR, for appellee, cited *Civil Code, sec.* 292; 14 *B. Mon.*, 200; 7 *Mon.*, 153.

EMERY WHITAKER, on same side, cited *Hardin*, 586; 1 *Bibb*, 248; 1 *Marshall*, 591; 4 *Dana*, 121; 3 *Dana*, 583; 4 *J. J. Mar.*, 629; *Ib.*, 225.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

Wood and Laycock entered into a written agreement to cultivate and carry on for the year 1858, a farm belonging to Wood. By the terms of the agreement each party was to perform certain duties therein specified, and Laycock was to have one-fifth of the product of the farm for his share of the profits.

Before the expiration of the year and gathering of the crops they disagreed, and an effort was made to settle their differences by reference to arbitrators. This however was not accomplished; and Laycock undertook, against the will of Wood, to gather, sell, and appropriate to his own use a portion of the crop. Wood thereupon filed his petition in equity for a settlement of the partnership, and upon several grounds therein set forth, applied for and obtained an injunction and restraining order from the judge of the circuit court, forbidding and prohibiting Laycock from removing any of the produce from said farm, or in anywise interfering with the same.

To this petition Laycock filed his answer, and, upon notice to Wood, moved a discharge of the injunction; which motion was heard and sustained, and the injunction discharged, but no order made finally disposing of the action, which, so far as this record shows, is still pending.

Soon after the discharge of the injunction Laycock brought this action against Wood for maliciously, and without any probable cause, bringing said suit and suing out said injunction, and claimed damages for injuries resulting therefrom, and for attorneys' fees and other expenses incurred in defending the

same, and alleged that said injunction had been discharged and dissolved, but failed to aver or show that the action, in which the injunction had been granted, had ended or had been finally disposed of.

To this action Wood appeared and answered, controverting the material allegations of the petition, and relying on the pendency of the suit in equity as a bar to any recovery in this.

Upon a trial in the circuit court Laycock recovered a verdict and judgment of $450 in damages, and to reverse that judgment Wood has appealed.

Several objections are taken to the judgment, the first of which is, that the action was prematurely brought—there having been, as is contended, no legal termination of the suit for the malicious prosecution of which the present action was brought.

This objection, it seems to us, is well taken, and must prove fatal to the judgment.

It is a well established principle that a plaintiff cannot maintain an action for the malicious prosecution of a civil suit until after the legal termination, in his favor, of the suit complained of. And such termination must appear on the face of the declaration or petition. (12 *B. Mon.*, 553; 3 *Mon.*, 209; *Hilliard on Torts, vol.* 1, 495.)

This rule, may be said to be subject to exception in cases wherein, by statutory provision, an interlocutory order is declared final, as in the case of an order discharging an attachment, as provided by the *Civil Code, section* 292. But except in cases of the class mentioned, we are aware of none in which the important prerequisite of a legal termination of the suit complained of can be dispensed with.

It has been suggested that, the injunction and restraining order, in Wood's suit against Laycock, were mere provisional remedies, allowed by the Code of Practice, and independent of the cause of action set forth in his petition, and that the order discharging them was as much a final order and termination of that branch of the case as if it had been an order discharging an attachment.

Wood vs. Laycock.

Admitting that the injunction and restraining order were mere provisional remedies in aid of the action, it still does not follow the order discharging them was for any purpose whatever final.

There are many provisional remedies provided by the Code, concerning some of which—as in attachments and warrants of arrest—the orders of the circuit court, of a particular description, made pending the action and before its termination, are expressly declared to be final; but it is not so in orders respecting injunctions as in the present case. On the contrary, it is manifest throughout the provisions of the Code in regard to injunctions, that any order respecting them, by way of modification or discharge, made pending the action and before its final determination, is deemed merely interlocutory. There is indeed a special provision for the reinstatement of injunctions by a judge of this court. This it is true applies alike to attachments, but, as we have seen, an order of discharge of an attachment is made final by another express provision, which is not the case in regard to injunctions. Besides, it is well known that from a simple order discharging an injunction, made pending an action, and before its final determination, no appeal lies to this court.

In no sense, in which it can be regarded, was the order merely discharging the injunction and restraining order a final termination of the suit. As is manifest from the petition, and the exhibit filed therewith, it was merely an interlocutory order—the *suit* was still pending between the parties when this action was begun, and the case, in our opinion, falls directly within the principle stated in the outset.

Wherefore the judgment is reversed, and cause remanded with directions to dismiss the petition.