*A. J. James, for appellant.*

*J. A. and J. W. Rodman, Lindseys, for appellees.*

---

JOHN J. CARDER *v.* D. R. MURRAY, ET AL.

**Judgment—Execution—Injunction.**

> When the owner of a judgment caused an execution to issue and be served, and the execution debtor interposes by an injunction to prevent the sale, and then undertook to satisfy so much of the judgment as was enjoined, and the injunction was dissolved, he thereby creates his liability and is bound to pay such judgment.

## APPEAL FROM HANCOCK CIRCUIT COURT.

October 26, 1877.

OPINION BY JUDGE PRYOR:

We understand the case of *Wood v. Laycock,* 3 Met. 192, as deciding only that an action for malicious prosecution cannot be maintained until the termination of the action.  Malice cannot be known to have existed prior to that time.

If the rule had any application in a case like this, and it has none, the appellant, Carder, had obtained against his debtor a judgment-at-law upon his demand, upon which an execution was properly issued.  As between Carder and his debtor the action was at an end, and he had the right to enforce the judgment.  When he attempts to do this and levies his execution, the appellee interposes by an injunction to prevent the sale, for the reason that the property is not subject to the levy or the appellee has a prior lien upon it.  The appellee undertook by his hand to satisfy so much of the judgment in favor of Carder against W. E. Nottenmins & Co. as was enjoined, to the extent the injunction might be dissolved.  The injunction was dissolved and appellees' liability was at once created.  There is no escape from such a conclusion.  Although it may be adjudged that Carder had no lien, still this cannot affect appellees' liability on the bond.  The debt due Carder, evidenced by the judgment, is unsatisfied, and appellee became bound for it upon the dissolution of the injunction.  The only remedy the appellees had was to ask to have the injunction reinstated.  This they had not done.  What effect a formal decision may have in the case in the event it is determined that the injunction was improperly dissolved is a question not before the court.  The judgment is *reversed* and cause remanded with direction to sustain the demurrer to the answer and for further proceedings consistent with this opinion.

*Williams & Brown, for appellant.*

*Murray & Powers, for appellees.*