# Commonwealth, by and ex rel. State Highway Commission, v. McIntire et ux. (two cases).

(Decided June 2, 1933.)

556

H. C. JOHNSON, BAILEY P. WOOTTON, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellant.

W. W. REEVES and JOHN E CAMPBELL for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

The above two appeals, resting on the same facts, are heard together. The first case was a proceeding filed December 1, 1930, by the commonwealth of Kentucky and the State Highway Commission in the Perry county court against Alex McIntire and his wife, Jane McIntire, to condemn a right of way over their farm for

a state highway. The case, after due preparation, came on for trial before a jury on November 18, 1932, who returned a verdict fixing the compensation for the right of way at $2,250 on November 19, 1932; but no judgment was entered on the order book of the court or signed by the judge. On November 29, 1932, the plaintiff obtained from the clerk of the court a copy of the judgment which he had drawn up, duly certified, and filed this copy with the clerk of the circuit court and executed an appeal bond and had process issued. On January 17, 1933, the circuit court, on motion of the defendants, dismissed the appeal. Up to that time no judgment had been entered on the order book of the county court or signed by the county judge. On that day the order was entered and signed, and on January 21 the plaintiff filed a copy of the judgment in, the circuit court clerk's office and had process issued on a new appeal. The transcript does not contain an appeal bond executed on January 21. On the statement of appeal are indorsed these words signed by the clerk:

"Statement of appeal filed in my office this Jan. 21, 1933. Appeal bond executed. Order directing clerk Perry county court to transmit original papers filed in summons and two copies on appeal issued Jan. 21, 1933.

"Eli Sumner, Clerk,

"By W. J. Moore, D. C."

The circuit court, on February 13, dismissed the second appeal, and the plaintiff appeals.

The ruling of the circuit court was based upon the fact that the order of the county court entered in fact on January 17, 1933, concluded with these words:

"The court being unable to complete this case in one days time it was completed on Nov. 19, 1932 and this judgment is entered as of said date."

The court held that as the judgment was entered as of November 19, 1932, the appeal taken on January 21 was too late. Section 839, Ky. Stats., regulating this, provides:

"Either party may appeal to the circuit court, by executing bond as required in other cases, within thirty days, and the appeal shall be tried de novo."

The question presented is: Was the appeal taken

in time? The judgment was in fact entered on the county court order book and signed by the judge on January 17. Could he then, by adding the words above quoted, give the judgment a retrospective effect so as to deprive the commonwealth of its right of appeal? In Interstate Petroleum Co. v. Farris, 159 Ky. 820, 169 S. W. 535, 536, a judgment was entered upon the order book more than two years before an appeal was taken, but it was not signed by the judge until within two years from that time.

It was held that the appeal was taken in time, the court resting its judgment upon this principle:

"It is well settled that it is essential to the validity of a judgment that it shall be entered upon the order book of the court, and signed by a judge, and that an unsigned judgment is no judgment at all. Commonwealth v. Chambers, 1 J. J. Marsh. 108; Raymond, etc., v. Smith, 1 Metc. 65 [71 Am. Dec. 458]; Johnson v. Commonwealth, 80 Ky. 377; Ewell v. Jackson, 129 Ky. 214 [110 S. W. 860, 33 Ky. Law Rep. 673]."

In Carroll v. Commonwealth, 164 Ky. 599, 175 S. W. 1043, a judgment was entered in a criminal case, but was not signed by the judge. After sixty days from the time the judgment was so entered an appeal was taken. Following the case above cited the court overruled the motion to dismiss the appeal and held the appeal taken in time. This case cannot be distinguished from those, for until the judgment was entered on the order book and signed by the judge the right of appeal did not accrue. The first appeal was therefore prosecuted when there was no right of appeal and was properly dismissed. The judgment dismissing an appeal improperly taken when no right of appeal exists is not a bar to a subsequent appeal properly taken, and the circuit court should have overruled the motion to dismiss the second appeal here.

It is urged in the brief for appellee that no appeal bond was executed on the second appeal. But the clerk certified that the bond was executed as above shown. This objection was not made in the circuit court, and in fact if the bond cannot be found a new bond may be executed. It was the duty of the clerk to preserve the bond, but if he was negligent in his duty a new bond may be given.

By section 379, Ky. Stats., it was the duty of the clerk to indorse on the record the steps taken in the cause, and section 3760 provides:

'Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

In fact, the motion to dismiss the appeal in the circuit court was not made on this ground and there was no showing of fraud in the party benefited or mistake on the part of the officer. On the facts shown the motion to dismiss the appeal should have been overruled.

The second case was begun by the Highway Commission by petition in equity filed January 6, 1933, against Alex and Jane McIntire, alleging that after it was unable to contract with them for the right of way at a fair price, it instituted the above condemnation suit in the Perry county court, and in that action the following agreed order was entered on December 8, 1930:

"It is agreed by and between the plaintiff, and the defendants that the plaintiff Commonwealth of Kentucky, and its State Highway Commission may have immediate possession of the land' set out and described in the petition, orders and papers filed in this action, and at any and all times it may desire for the purpose of building, constructing, operating and maintaining its state highway thereon and thereover, and its possession thereof will not be disturbed in any way by reason of the pendency of this action.

"It is further agreed by and between the parties hereto, that the defendants in no wise waive any of their defenses, or their rights to recovery herein for the value of the land taken, or the damages to the remainder of the land by reason of the taking of said strip of land, or any right of action which defendant may have against plaintiff or Perry County, and that this action will be tried as though this order had never been agreed upon."

Pursuant to this agreement and relying on same, it entered into a contract for the construction of the road with the Langhorn & Langhorn Construction Company, who then entered on the land for the purpose of constructing the highway, but were forced to abandon the work under the threats of the defendants, and that this would continue unless enjoined by the court and thereby the plaintiff and its employees had been put to great expense by the delay in the work and would suffer great and irreparable injury unless the injunction was granted. On January 6, 1933, the court entered this order:

"The plaintiff having on today filed its verified petition upon which it asks a temporary injunction herein, and the court after having considered same, is of the opinion that the same be, and the same is hereby sustained.

"It is therefore ordered and adjudged by the Court that a temporary injunction issue, restraining the defendants from interfering with the employees of the plaintiff in their work on the right of way through the lands of defendants until further orders of the Court."

On January 12, the plaintiff moved the court to make permanent the temporary injunction. The defendants moved the court to set it aside, when the proceedings in the first case were brought before the court. On January 17, the court set aside the temporary injunction and overruled the motion to make it permanent. The reasons for this are thus stated in the order:

"The Court further finds that this action in which an injunction is sought was further predicated upon an agreement between the plaintiff herein and the defendants, permitting the plaintiff to take possession of the land described in the pleadings, which land belongs to the defendants, and was to be used for right of way, and the Court is of the opinion that the purpose of said agreement was to permit the plaintiff to have the possession of said land until final determination of said controversy, and that because the attempted appeal has this day been dismissed, there has been a final determination of the controversy between the parties hereto."

On February 1, the plaintiff moved the court to set aside the above and make the injunction permanent.

On February 13, the order of January 17 was set aside, but another judgment was then entered on the same grounds, refusing the injunction and dismissing the petition, which concluded with these words:

"To all of which the plaintiffs are given exceptions, and an appeal to the Court of Appeals to reinstate said injunction, and are given twenty days and during said time the injunction will be in force."

On March 1, the plaintiffs filed their motion in this court to continue the injunction in force pending the appeal, and this order was made:

"Further came appellant, by counsel and filed notice and motion to reinstate the injunction dissolved by the Perry circuit court February 13, 1933, and to continue said injunction in force until the condemnation action now pending on appeal is adjudicated; and the court being sufficiently advised said motion is sustained to the extent that said injunction is reinstated and ordered continued in force pending the appeal of this case; but not pending the appeal of the condemnation action."

Counsel for appellees insist that, because errors were made, as he claims, in the circuit court in granting the temporary injunction and perhaps in this court in granting an injunction pending the appeal, therefore the appellants are not entitled on the final hearing of this case in this court to the permanent injunction sought; but permanent injunctions on final hearings are not dependent on whether or not temporary injunctions are sought and obtained or sought and refused, either rightfully or wrongfully. The right to an injunction as the ultimate relief in an action is not dependent on whether temporary injunctions are granted or refused, either rightfully or wrongfully, but dependent on the facts in the case as developed in the evidence and the law applicable to such facts. This court may grant such temporary injunctive relief as may be necessary to protect the rights of the parties, and it may grant an injunction though none was granted below, and no temporary injunction was granted by this court.

By the agreed order the Highway Commission was given the right to take immediate possession of the land for the purpose of building, constructing, and maintaining the state highway there, and to hold the land at any

562

and all times that it may desire for this purpose. The Highway Commission having taken possession of the property and having made a contract for the construction of the highway, under the order, the appellees were without right to interfere with it or the contractor. The judgment of the circuit court dismissing the appeal, while final for the purposes of an appeal, was not final upon the rights of the parties; for by the orders an appeal was granted and twenty days were allowed to apply to a judge of this court for a reinstatement of the injunction. The orders in the two cases must be read together as one rests on the other. The right of appeal being given, the plaintiffs should be protected by an injunction until the appeal is decided, and upon the reversal of the judgment dismissing the appeal the injunction should be continued in force. The appeal bond fully protects appellees in their rights.

Appellees cannot complain that their property is taken without compensation being first paid, for they agreed by the order that the State Highway Commission might take possession of the land and build a state highway. The purpose of the agreement was not to delay the building of the highway, and it must be carried into effect according to its fair intent and meaning.

The judgment in the first case is reversed, and the cause is remanded to the circuit court, with directions to overrule the motion to dismiss the appeal, and for further proceedings consistent herewith.

The judgment in the second case is reversed, with directions to the circuit court to grant the injunction as prayed in the petition and for further proceedings consistent herewith.