## Howell v. Roberts.

(Decided May 7, 1935.)

W. C. GOBLE for appellant.

EDWARD L. ALLEN and A. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing appeal.

Hester Roberts brought this action against Lee Howell and Fred Howell to quiet her title to a two-sixths undivided interest in a small tract of land in Floyd county. The land has little value.

In her petition she alleged that the land in question was owned by K. F. Slone during his lifetime, and that at his death it descended to his six children, that she had purchased the interest of two of the Slone children, and that she and the remaining four children of K. F. Slone were the owners and in the actual possession of the land. She further alleged that the defendants Fred Howell and Lee Howell were claiming to be the owners of the land by virtue of some kind of conveyance; that their claim was unfounded and was a slander on her title, and was casting a cloud thereon, and she prayed that her title be quieted and that the defendants be required to release to her all claims that they or either of them had to the land.

In paragraph 2 of the answer and counterclaim filed by the defendants, Lee Howell alleged that he was the holder of the legal title to, and was in the actual possession of, the land; that the land in question was conveyed to him by Wiley Branham by deed dated March 17, 1917, and since the execution of the deed he had been in the actual possession of the land which was fenced, claiming to the full extent of the boundary. He alleged that plaintiff's deeds were champertous, and further that he had acquired title to the land by adverse possession. He prayed that his title be quieted and that the plaintiff be enjoined from setting up claim to the land or interfering with his possession.

Considerable proof was heard, and the chancellor adjudged that the plaintiff was the owner of a two-sixths undivided interest in the land. Fred Howell alone appeals.

He was named a defendant in the petition, but the pleadings and the proof disclose that he is not an interested party. He is claiming no rights in the land. Both in his pleadings and in his own testimony he disclaimed ownership. All of the evidence introduced by the defendants was for the purpose of showing ownership by Lee Howell, either by paper title or by adverse possession. Fred Howell is the son of Lee Howell. It appears from the record that during the pendency of the action Lee Howell was adjudged incompetent to manage his estate, and his brother, David Howell, was appointed his committee.

Since the appeal has not been prosecuted by a party actually interested in the controversy, an opinion by this court on the merits of the case can serve no useful purpose. Wherefore the appeal is dismissed.