## Rose v. Martin et al.

December 3, 1948.

662

· Cleon K. Calvert, Murray L. Brown and William Lewis for appellant.

H. H. Owens, Willie Rice, John D. White and Sylvester Little for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

Charlie and Annalee Martin sued appellant, Austin Rose, in the Clay Circuit Court in an attempt to prevent him from hauling coal over their land. The Martins obtained a temporary restraining order from the circuit court clerk, which was dissolved by the trial judge when they attempted to convert it into a temporary injunction. Thereupon, the Martins brought the record to this court on a motion for a temporary injunction, which we denied.

With the record in this shape in the original action, and before the trial judge had entered a final order granting or denying a permanent injunction, Rose instituted the instant action against the Martins and their sureties on the bond which they executed when the temporary restraining order was issued. The petition averred that Rose was damaged $10,000 by the temporary restraining order in that it caused him to close his coal mine. To this action for damages on the bond the Martins filed a plea captioned a "special demurrer" which reads:

"Defendants demurrer specially to this petition, because there has never been any final adjudication of the

rights of the parties as to the subject matter on which plaintiff seeks to base this cause.

"Records of the court are referred to for judicial knowledge, Chas & Annalee Martin v. Austin Rose.

"Whereupon judgment is prayed."

In ruling upon this so-called "special demurrer" the trial judge said:

"* * * The question is raised as to whether an interlocutory order on application for temporary injunction will support a cause of action before final disposition of the case on its merits. The cause of action in which the bond sued on was executed is still pending in this court, undetermined on the question of permanent injunction.

"It satisfactorily appears to the court that this action is premature. The special demurrer is sustained, the case dismissed, defendants adjudged their costs and the cause is stricken from the docket, to all of which plaintiff excepts, and objects, and prays an appeal which is granted."

Appellant seeks a reversal of the judgment on two grounds: 1. The petition on its face does not reveal the existence of an undetermined action, therefore it is not bad on special or general demurrer; 2. the prematurity of an action does not fall within the scope of a special demurrer.

The position of appellees is that the petition shows no final judgment denying a permanent injunction had been entered in the original proceeding at the time the instant action was brought on the injunction bond; therefore, no cause of action was, or could be, stated on such bond.

Paragraph four of the petition in the case at bar avers a temporary restraining order was issued in the original action by the circuit court clerk and served on Rose by the sheriff and this caused him to shut down his mine. The fifth paragraph reads: "Said temporary restraining order was afterward dissolved by this court, and a motion before a Judge of the Court of Appeals of Kentucky, to reinstate the same was overruled and thus the record stands at this day."

Therefore, it is patent that the face of the petition in this action for damages on the bond shows that the original action had never been determined relative to granting or refusing a permanent injunction. True, the temporary restraining order had been dissolved and both the circuit and this court had refused to grant a temporary injunction, but this would not prevent the circuit court from granting a permanent injunction in its final judgment. Hurt v. Chess & Wymond Co., 111 S. W. 285, 33 Ky. Law Rep. 767; Commonwealth, by and ex rel. State Highway Commission v. McIntire, 249 Ky. 555, 61 S. W. 2d 31.

The rule is that until there has been a final determination of the injunction suit, no action will lie upon the injunction bond. 28 Am. Jur. 512, sec. 338; Wood v. Laycock, 60 Ky. 192; Alexander v. Gish, 88 Ky. 13, 9 S. W. 801, 10 Ky. Law Rep. 989; Annotations 92 A. L. R. 273. The reason for this rule that no action accrues on an injunction bond until final judgment is entered is that it cannot be determined until that time whether the temporary injunction was wrongfully issued, since the court may change or modify the order relative to the injunction until the case is finally determined.

In arguing the second ground, the prematurity of an action does not fall within the scope of a special demurrer, appellant relies upon sec. 92 of the Civil Code of Practice which sets out the four defects in a pleading which may be reached by special demurrer. Appellees meet the argument by saying that sub-section 3 of sec. 92, "another action is pending, in this State, between the same parties, for the same cause" exists here. We are not in accord with appellees that the instant action is the same cause as the original one, although it is between the same parties. The original was an ex delicto action while the instant one is an ex contractu action. The two cases grew out of the same facts but they are two entirely distinct actions.

But the pleading appellees styled "special demurrer" was in fact a general demurrer because it states "there has never been any final adjudication of the rights of the parties as to the subject matter upon which plaintiff seek to base this cause." The petition in para-

graph five avers there had never been a final adjudication of the original action.

While the trial judge styles his ruling "judgment on special demurrer," he treated the pleading as a general and not a special demurrer when the judgment states, "The cause of action in which the bond sued on was executed is still pending in this court, undetermined on the question of permanent injunction." In effect this was saying that the petition in the instant case did not state a cause of action.

Section 110 of the Civil Code of Practice provides that in the caption of a pleading there should be a "short phrase, describing the character of the pleading." A mistake or irregularity not going to a substantial right is usually disregarded. 41 Am. Jur., sec. 74, p. 341. In Kentucky River Hardwood Co. v. Noble, 168 Ky. 773, 182 S. W. 941, no importance was attached to the fact that the court treated a general demurrer as though it were a special demurrer, since there the general demurrer raised the question of jurisdiction. In the instant case the so-called special demurrer was in fact a general demurrer, as it raised the question of whether the petition stated a cause of action, and the trial judge so considered it, albeit he denominated it in his judgment a "special demurrer."

Furthermore, as the petition fails to state a cause of action, as above indicated, it would not support a judgment and upon final submission of the cause the court could determine its insufficiency, although no general demurrer had been filed. Neekamp v. Damron, 219 Ky. 517, 293 S. W. 1081. Hence, it cannot be said that the action of the court in treating the pleading filed as a general demurrer and dismissing the petition was prejudicial to appellant's substantial rights, as the court could take this same action upon a final submission of the cause even though no general demurrer was filed.

The judgment is affirmed.