# Fritz v. Commonwealth ex rel. Unemployment Compensation Commission.

March 8, 1949.

Frank L. McCarthy, Frank M. Dailey and Ben B. Fowler for appellant.

Clayton Smoot and Hazelrigg & Cox for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

The Kentucky Unemployment Compensation Commission, hereinafter referred to as the Commission, through the Commonwealth brought this action against Charles K. Fritz, doing business as the Fritz Printing Company, to recover $2058.78, including penalties to May 1, 1945, in unemployment compensation taxes alleged to be owing by Fritz for the years 1937-1942, inclusive, and additional penalties at the rate of $13.15 per month from May 1, 1945. A general demurrer to the petition was overruled to which no exception was taken.

Appellant then filed an answer in three paragraphs. The first, was a general denial; the second, pleaded that he attempted to pay the tax in 1938 but his checks were returned by the Commission, which reported no tax was due; the third, pleaded the statute of limitation for the years 1937 to 1940. This plea of limitation was sustained in part by the court.

The facts were stipulated and the Commission filed a general demurrer to the answer and a motion to strike from that pleading all statements therein which were inconsistent with the stipulation. Both the demurrer and the motion to strike were overruled. The court sustained the plea of limitation for the years 1937 to 1939 and the first quarter of 1940, and then rendered judgment in favor of the Commonwealth for $1294.29, with a penalty at the rate of $7.37 per month from Feb. 1, 1948.

In seeking to reverse the judgment appellant insists: first, the general demurrer to the petition should have been sustained; and second, the evidence fails to establish any basis for the tax. The Commission counters with the argument that appellant having failed to except to the overruling of his demurrer, he cannot now raise in this court the question of the correctness of the trial court's ruling thereon. It further contends that the facts set out in the stipulation sustain the judgment.

If the petition failed to state a cause of action, and there were no facts contained in the stipulation which so supplement the petition as to cause it to state an action, then it was immaterial that appellant took no exception to the overruling of his general demurrer, and we are confronted with the question of whether the petition will support the judgment. The rule is that where a petition states no cause of action it will not support a judgment and upon final submission of the case the court can determine the sufficiency of the pleading; even though no general demurrer was filed. Neekamp v. Damron, 219 Ky. 517, 293 S.W. 1081; Rose v. Martin, 308 Ky. 661, 215 S.W.2d 579. Hence it becomes necessary to carefully scrutinize the petition, but before doing so we will refer to the applicable sections of the statute.

This action was brought under the Unemployment Compensation Act, which is KRS Chap. 341. The Act was first passed in 1936, Acts of that year, Fourth Special Session, Chap. 7, and has been amended at every session of the General Assembly since. As this action was instituted on May 4, 1945, the statute applies as it appears in KRS Chap. 341 of the 1944 edition.

It is provided in KRS 341.070(1) that a "subject employer" means any employing unit which in each of

the three calendar quarters in the preceding calendar year had in covered employment four or more workers, to as many as four of whom at least $50 in wages was payable to each in each such quarter. The contributions payable by the subject employer for each calendar year shall be based upon the wages paid during that year, as set out in KRS 341.260. And KRS 341.270(3) provides the rate the employer must contribute, while KRS 341.300 imposes a penalty of 1% per month on unpaid contributions.

The petition avers that during the year 1937 Fritz had four or more workers in covered employment, but it does not contain any allegations as to the amount of wages paid them nor the rate at which the employer should contribute. Then too, the petition is silent as to the number of workers employed by Fritz in the years 1938-1942, inclusive, the wages paid them or the rate at which Fritz should have made his contributions. The Commission was content to merely aver in its pleading "that he (Fritz) is now indebted to the Commonwealth of Kentucky for unemployment compensation taxes in the total sum of $2058.78 representing his delinquency for the full years of 1937, 1938, 1939, 1940, 1941 and 1942, including penalties calculated to the first day of May 1945; that additional penalties are accruing at the rate of $13.15 per month from May 1945. The plaintiff states that this sum is justly due and owing and proper demand has been made therefor."

It will be noticed that the petition ignores KRS 341.070(1), 341.260, 341.270(3) and 341.300 and does not state the provisions embodied in those sections which when taken together show the amount of tax and penalty, if any, owed by Fritz. The petition merely states the conclusion of the pleader that Fritz is indebted to the Commonwealth in the sum of $2058.78, with penalties of $13.15 per month from May 1, 1945. We will not take the time and space necessary to give the contents of the stipulation, which covers some ten pages, but it will suffice to say that it does not set out the number of employees, their wages, the length of time they worked during the years 1938-1942, inclusive, nor the contributions due from the employer for any of these years.

It is patent the petition does not state facts upon

which it could be adjudged that Fritz was indebted to the Commonwealth but it contains only the conclusions of the pleader that he was so indebted. Facts and not conclusions should be pleaded, is a fundamental and ancient rule of pleading. Cooper v. McKee, 121 Ky. 287, 89 S.W. 203; Begley v. Jones, 238 Ky. 239, 37 S.W.2d 44; Lawrence Oil Corp. v. Metcalfe, 241 Ky. 353, 43 S.W.2d 986; Wilson v. Louisville Title Co., 244 Ky. 683, 51 S.W.2d 971; Williams v. Estill County, 253 Ky. 417, 69 S.W.2d 683.

For the reasons given the judgment is reversed with directions that the trial court sustain a demurrer to the petition, granting the Commonwealth the right to amend if it so desires.