**COMMONWEALTH ex rel. UNEMPLOYMENT COMPENSATION COMMISSION v. FRITZ.**

Court of Appeals of Kentucky.

June 23, 1950.

Rehearing Denied Feb. 27, 1951.

Elwood Rosenbaum, Lexington, Maurice H. Harris and Samuel H. Cole, Frankfort, for appellant.

Ben Fowler and Frank Dailey, Frankfort, for appellee.

CLAY, Commissioner.

This is a second appeal. The former opinion, Fritz v. Commonwealth ex rel. Unemployment Compensation Commission, is reported in 309 Ky. 637, 218 S.W.2d 659. The issue presented here, like that presented before, arises on a demurrer and concerns the legal sufficiency of the Commonwealth's petition as amended.

The suit was brought to recover unemployment compensation taxes, including penalties, allegedly owing by appellee for the years 1937–1942. A plea of limitations cut off claims prior to 1940. We held on the former appeal that the petition did not state a cause of action because it did not contain allegations showing appellee was a "subject employer" under the Act, and did not set out wages paid, and the applicable tax and penalty rates.

The second amended and supplemental petition we have before us attempts to remedy the defects pointed out in the earlier opinion. It alleges sufficient facts under KRS 341.070(1) to show defendant was subject to the Act during the year 1939. The petition then, without alleging similar facts showing appellee was subject to the Act in 1940, 1941, and 1942, itemizes the wages paid for these three years, the contribution rates, the dates due, and the penalties. If appellee was a "subject employer" under the Act during those latter years, the amended petition stated a cause of action upon which a judgment could be based.

The deficiency relied on by appellee is that the amended petition does not state sufficient facts to show appellee was such a subject employer during 1940, 1941, and 1942. The Commonwealth, by its pleading, takes this position: (1) appellee qualified under the Act in 1939; (2) regardless of the actual facts, he continued to be a subject employer through the years 1940, 1941 and 1942, because he did not make a written application for termination of coverage as provided in Carroll's Kentucky Statutes, Section 4748g-6(b), now KRS 341.250(2).

Since there has been no substantial change in the pertinent sections of the statute since 1938, we will refer to the section numbers of the Kentucky Revised Statutes. A "subject employer" is defined in KRS 341.070 as follows:

(1) "Any employing unit which, in each of three calendar quarters in the preceding calendar year, had in covered employment four or more workers (whether or not the same workers), to as many as four of whom at least fifty dollars in wages was payable to each with respect to such covered employment in each such quarter."

(7) "Any employing unit which, having become a subject employer under subsections (1) to (6) of this section, has not ceased to be a subject employer under K RS 341.250."

KRS 341.250(2) provides in part as follows: "Except as provided in subsections (3) and (5) of this section, (not pertinent

here) a subject employer shall cease to be a subject employer only as of the first day of January of any calendar year if he files with the commission, prior to the first day of March of that year, a written application for termination of coverage * * *."

It will thus be seen that the statute clearly defines a "subject employer" as one having in covered employment during the required period a sufficient number of workers, paid at least the specified wage, who has not ceased to be such "subject employer" by filing a written application for termination of coverage. In other words, if the employer once becomes subject to the Act, he remains in this status until he takes an affirmative step to terminate his liability.

Appellee contends, however, that the statute should not be construed literally, and his argument is substantially as follows: Appellee held the status of a subject employer in 1940 because qualifying under KRS 341.070(1) in 1939, but apparently made no contributions for that year, or for any preceding years. He did not deal with the Commission as a subject employer. The term "subject employer" referred to in KRS 341.250(2) should be construed as one who is actually making, or has made, contributions to the Commission under the Act. Otherwise, where a person at one time became subject to the Act, and through ignorance or mistake was not aware of his status, contribution charges and penalties accruing for many years following would pile up against him, even though he no longer qualified as a true "subject employer" in the later years. It is pointed out that a person who is not aware of his liability would never ask that it be terminated.

■ While appellee's argument is ingenious, it calls for such a strained alteration of the plain meaning of the statute that we would in effect be amending it if appellee's contention is accepted. The definition of "subject employer" is clear and free from ambiguity. In such cases it is our duty to give the language used full force and effect as written. Turner, Coun-

ty Judge, et al. v. Hagins, 250 Ky. 17, 61 S.W.2d 899; Hawley Coal Company et al. v. Bruce, 252 Ky. 455, 67 S.W.2d 703.

■ The statute plainly declares that once an employer has become subject to the Act, there is only one way such coverage may be terminated. The procedure for doing so is exclusive. This conclusion has been reached in the construction of similar statutes in Texas and Kansas. See State v. Lewis, Tex.Civ.App., 218 S.W.2d 515; State, by State Labor Commission, v. Sosna, 156 Kan. 722, 137 P.2d 129.

■ It is, therefore, our conclusion that appellant's petition alleges sufficient facts to show that appellee was at one time a "subject employer" under the Act; that he has not filed an application for termination of such coverage, and therefore he has continued to be, for the years mentioned in the petition, liable for taxes under the Act. The petition thus states a cause of action, and the general demurrer thereto should not have been sustained.

The judgment is reversed with directions to overrule the demurrer and for proceedings consistent with this opinion.