**REED et al. v. GREENE et al.**

Court of Appeals of Kentucky.
Nov. 16, 1951.

Combs & Combs, Prestonsburg, for appellants.

Joe Hobson, Prestonsburg, for appellees.

WADDILL, Commissioner.

By a declaratory judgment action there is sought a determination of this question: Can the Board of Education of Floyd

County under the provisions of KRS 160.380 disregard the recommendations of the superintendent of schools and appoint janitors, bus drivers, and mechanics in the absence of the recommendation of the superintendent?

KRS 160.380 reads: "Except as provided in KRS 160.130 and 160.430, all appointments, promotions and transfers of principals, supervisors, teachers and other public school employes shall be made only upon the recommendation of the superintendent of schools, subject to the approval of the board. If the board of education cannot agree with the superintendent as to any legally qualified person recommended by the superintendent, the board of education may appeal to the State Board of Education to review the case and the decision of the State Board of Education shall be final. All employes of the board shall have such qualifications as are prescribed by law and by the regulations of the State Board of Education and of the employing board. Supervisors, principals, teachers and other employes may be appointed by the board of education for any school year at any time after April 1 next preceding the beginning of the school year. (1942, c. 113, § 13)"

The trial court adjudged that the board had the authority under the above statute and answered the question propounded in the affirmative.

The primary purpose of judicial construction of statutes is to determine the intent and purpose thereof and if this may be ascertained from the wording of the statute, no other rule of construction or interpretation is necessary. City of Mayfield v. Reed, 278 Ky. 5, 127 S.W.2d 847; Gilbert v. Greene, 185 Ky. 817, 216 S.W. 105.

The language of the statute is clear and certain. We entertain no doubt that its terms include the appointments of janitors, bus drivers, and mechanics. The superintendent has the sole authority to recommend the appointments; the authority vested in the board, is to approve, or disapprove the recommendations. Therefore, the recommendation of the superintendent is a condition precedent to the right of the

board to employ janitors, bus drivers, and mechanics which we find are "other public school employes" within the meaning of the statute. We are of the opinion that the court erred in ruling otherwise.

In declaratory judgment actions we are committed to the rule not to determine speculative rights or duties although future contingencies may create an actual, justiciable controversy. Board of Education of Berea v. Nuncy, Ky., 239 S.W.2d 471. For this reason we decline to answer other questions presented.

Judgment reversed.

COMBS, J., not sitting.