**COOPER et al. v. KENTUCKIAN CITIZEN et al.**

Court of Appeals of Kentucky.
May 29, 1953.

Arthur B. Rouse, Jr., Lexington, for appellants.

Cassius M. Clay and Raymond Connell, Paris, Wm. H. Townsend, Lexington, for appellees.

COMBS, Justice.

This action was brought under the Declaratory Judgment Act, Civil Code of Practice, § 639a–1 et seq., by the Kentuckian Citizen and Paris Daily Enterprise, newspapers of the City of Paris, and Curtis Farley, a taxpayer, against the appellant Robert F. Cooper, also a taxpayer, and the officials of certain governmental units of Bourbon County and the City of Paris. The petition challenges the sufficiency of the annual financial statements required by KRS 61.290 to be filed by the designated agencies. The Kentucky Press Association and Mary Connell filed intervening petitions and are appellees in this court. No issue is raised in the briefs about the somewhat unusual lineup of parties in the lower court.

The trial court held the statements submitted for publication by the several governmental units did not meet the requirements of the statute and directed the preparation of additional statements containing more detailed information. All of the agencies have complied or attempted to comply with the judgment, and the sufficiency of the compliance is not in issue.

The only appeal now before us is that of the taxpayer Robert F. Cooper. Although the other defendants were named as appellants in the statement of appeal filed in this court, their names have been stricken on their own motion.

The first question is whether Cooper, in his capacity as taxpayer and resident of Bourbon County, has sufficient interest to enable him to maintain this appeal. A corollary question is whether the case is now moot, since all of the defendant agencies have complied with the judgment.

It is essential to the right of appeal that the party seeking review must represent an interest which is direct, pecuniary and substantial. 4 C.J.S., Appeal and Error, §§ 176, 177; Howell v. Roberts, 259 Ky. 179, 82 S.W.2d 288. Cooper purports to represent all the members of a class, that is, the taxpayers of Bourbon County, each of whom does have a real and direct interest in the controversy. The judgment directing that detailed financial reports be published at the expense of the respective governmental units will affect the revenue of the county; and if erroneous, the judgment would require an illegal expenditure of public funds. We conclude that Cooper's interest as a representative of the taxpayer is sufficient to permit him to prosecute the appeal. Cf. Payne v. Davis, Ky., 254 S.W.2d 96; Casey v. Independence County,.

109 Ark. 11, 159 S.W. 24; Harrell v. Sullivan, 220 Ind. 108, 40 N.E.2d 115, 41 N.E.2d 354, 140 A.L.R. 455.

The appeal is not moot because the statute in question requires the performance of recurring duties of a similar nature, and the court's construction of the statute will continue to affect the taxpayers so long as the statute remains on the books.

As already pointed out, the main question in the case is the proper construction of KRS 61.290 which provides that except in counties containing cities of the first class and cities otherwise required by law to publish an annual audit of their financial affairs, "every public officer of any county, graded school district, city, or subdivision or district less than a county, whose duty it is to collect, receive, have the custody, control or disbursement of public funds, shall at the expiration of each fiscal year prepare an itemized, sworn statement of the funds collected, received, held or disbursed by him during the fiscal year just closed. The statement shall show the amount of public funds collected and received, from what sources received, the amount disbursed, the date of each disbursement, for what purpose expended, and to whom paid; provided, however, that only the total of the amounts paid as salary during the fiscal year to each official or employe of the governmental unit shall be shown in the statement."

The statute was enacted in 1928 in order to bring the light of publicity on the financial affairs of local governmental units. The legislative intent, implicit in the Act, was to require those officers who administer public funds to publish annually a statement which will inform the taxpayers of the amount of money collected, when and to whom it was expended, and the purpose of which it was expended. Shelby County Fiscal Court v. Cosine, 174 Ky. 504, 192 S.W. 626.

There is no ambiguity in the words or the meaning of the statute. It provides in specific terms who is to prepare the statements, what information shall be included in them, and the time and method of publication. Where the language of a statute is clear, it is the duty of the courts to give force and effect to the language as written. Reed v. Greene, Ky., 243 S.W.2d 892; Com. ex rel. Unemployment Compensation Commission v. Fritz, Ky., 236 S.W.2d 262; Shelby County Fiscal Court v. Cosine, supra.

It is said by appellant that the statute, as construed by the trial court, places an unreasonable burden on the public officials and an unnecessary expense on the taxpayers. But it is not the prerogative of the courts to weigh the wisdom of the statute. The Legislature had the constitutional right to pass it and it is the duty of the courts to enforce it. Clark v. Riehl, 313 Ky. 142, 230 S.W.2d 626.

Eliminating the formal parts and the reference to pleading and procedural matters, the substance of the trial court's judgment follows:

"The Court hereby declares the legislative intent in the enactment of said Section 61.290, Kentucky Revised Statutes, was to give to the public, and all taxpayers, a definite report on the amount of tax money collected by the local officers referred to therein, how it was expended, to whom it was paid, for what purpose it was expended, the amount of each disbursement, expressly providing that 'the statement shall show the amount of public funds collected and received, from what sources received, the amount disbursed, the date of each disbursement, for what purpose expended and to whom paid; provided, however, that only the total of the amounts paid as salary during the fiscal year to each official or employee of the governmental unit shall be shown in the statement'; that said section of said statutes requires all local officers specified therein to publish said information in full after the close of the fiscal year, within 60 days, in a newspaper published in the county or other governmental unit or district for which the statement is published, and requires said officers to file a written or printed copy of the statement or audit report referred to in said statute, subscribed and sworn to, in the office of the County Court Clerk in the county in which said officer holds office.

698

"The Court does not accept the contention of defendants that they may publish in said local newspaper, in lieu of said statement, an annual 'audit' which does not give all of the information required by Section 61.290, as cited herein, because the Court is of the opinion, and now so declares, that whether the annual report to be published in a local newspaper is called a 'statement' or an 'audit' does not change the mandatory requirement in said Section 61.-290 of said statutes as to the particular information which the 'statement' or 'audit' shall contain.

"In dealing with capital outlay which results in permanent constructions, such as the building of the new hospital in Bourbon County, it appears reasonable to this Court, and it so decides, that where the fiscal court advertised, in a newspaper of general local circulation, for competitive bids on each permanent unit of construction and thereafter awarded the contracts to the lowest and best bidder, after two or more bona fide bids had been considered, such action would substantially meet the requirements of the statute, which does not require that any published report be duplicated, if the original publication contains the information required by said statute.

"It is the opinion of the Court, and it so decides, that the furnishings and equipment of permanent construction, such as the building of a new hospital, are not in the same category as money expended in capital outlay for permanent building or construction; that all information relating to said furnishings and equipment, and the cost thereof, must be itemized and published in the manner required by Section 61.290 of said statute. However, the Court is of the opinion that it would be sufficient compliance with said section of said statute to use the unit of purchase in the published report—for example, the number of beds purchased from a single purchaser, the amount paid for them and to whom paid and the date or dates of purchase.

"The Court is of the opinion, and so declares, that the amounts of food, or amounts paid for laundry and like services by any local officer may be reported on the basis of each calendar month as a unit and that the published report or statement for other small purchases such as bolts, minor repairs for machinery and other inconsequential items, may state the nature or description of the purchase, the price, the date and from whom purchased.

"It is the opinion of the Court, and so declared, that there is no ambiguity in the wording or the meaning of Section 61.290, Kentucky Revised Statutes. The words used in said statutes are used in their ordinary and accepted meaning and the Court, by judicial interpretation, may not give to them other meanings to change or defeat the plain purpose of the statute."

We agree with this construction of the statute.

The judgment is affirmed.