Jack DUVALL, Appellant,

v.

E. G. HELM, Jr., and Jefferson County Police Merit Board, Appellees.

Court of Appeals of Kentucky.

Oct. 9, 1981.

Richard Frockt, W. Davis Kiser, Louisville, for appellant.

William T. Warner, F. Chris Gorman, Louisville, for appellees.

Before HAYES, C. J., and HOGGE and REYNOLDS, JJ.

REYNOLDS, Judge.

The sole issue on appeal is the determination of the correctness of the judgment of Jefferson Circuit Court holding that the chief of the Jefferson County, Kentucky Police Department had standing to prosecute an appeal of a final disciplinary order of the Jefferson County Police Merit Board.

The facts of the case are stipulated and reflect that on April 25, 1980, E. G. Helm, Jr., in the official capacity of chief of the Jefferson County Police Department, suspended Jack Duvall, a member of the department, for a term of three days. Mr. Duvall, upon written request, was granted a review before the Jefferson County Police Merit Board. The action of the board resulted in the reduction/revocation of the chief's order and the imposition of a one-day suspension.

K.R.S. 78.455 is applicable, and the statute states that in all cases provided for in K.R.S. 78.445 and K.R.S. 78.450, the action of the chief or of the board shall be final except in the following cases:

2(a) Every action in the nature of a dismissal, suspension, reduction or fine made by the board shall be final, except that any person aggrieved thereby may, within twenty (20) days after the rendition of such action, appeal to the circuit court of the county in which the board meets. The board shall be named respondent as the county police force merit board, and service shall be had on the chairman thereof. The appeal taken to the circuit court shall be docketed by the clerk thereof as a civil action and shall be tried anew, as if no action had been rendered by the board.

(b) The judgment of the circuit court shall be subject to appeal to the Court of Appeals. The procedure as to appeal to the Court of Appeals shall be the same as in civil action.

Insofar as the action taken in regard to appellant, Mr. Duvall, has resulted in a one-day suspension, it is only necessary to determine if appellee, Chief E. G. Helm, has standing under the appeal statute as being "any person aggrieved," and can therefore maintain this appeal.

Appellant argues that in order to maintain an appeal that it is essential that a party shall be aggrieved or prejudiced by the judgment insofar as appeals are not allowed for the settling of academic or moot questions, injured feelings or the like, and that only parties to the litigation who have rights that may have been erroneously injured, or rights which may be enforced by law, either in whole or in part, are entitled to maintain an appeal.

We determine that the appeal, as in this case, is entirely statutory and that it is available to any party who comes within

the statute granting the right. We express the view that doubts with respect to the right of appeal in borderline cases are to be resolved in favor of the appealing party. Chief Helm was a party to the initial proceedings below, and his interest appears from the record. The statute places the police chief in a representative/official capacity, and as such he enjoys the same right as other parties to prosecute an appeal, or review an order or decree of the board, insofar as it affects the acts of the office of the police chief injuriously. *See Cooper v. Kentuckian Citizen*, Ky., 258 S.W.2d 695 (1953). Also, *see Howard v. Saylor*, 305 Ky. 504, 204 S.W.2d 815 (1947).

The judgment is affirmed.

All concur.