## Neekamp v. Damron.

(Decided April 26, 1927.)

### Appeal from Pike Circuit Court.

1. **Livery Stable Keepers.**—One claiming lien on automobile for repairs and garage bill was required, under Ky. Stats., section 2739h-1, to show that he was conducting business of selling, re-

pairing, or furnishing accessories or supplies for motor vehicles to entitle him to have property sold under section 2739h-2 to satisfy alleged lien.

2. Pleading.—As general rule, pleading will be construed most strongly against pleader.

3. Pleading.—Court on final submission of case can determine sufficiency of pleadings, though no demurrer has been interposed.

4. Trial.—Where intervener was not notified of submission of case, trial was premature, though intervening petition did not state cause of action, as intervener should have been given opportunity to perfect his pleading.

ROBERT T. CALDWELL and J. J. MOORE for appellant.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Reversing.

Damron sued Conner as indorser on a note of $900 in the Pike circuit court, and obtained an order of general attachment, which was levied on an automobile belonging to Conner and in the possession of Neekamp in the city of Ashland. Neekamp advertised the car for sale to satisfy an alleged indebtedness to him for repairs and a garage bill, and at the sale became the purchaser at the amount of his debt, assuming a lien thereon claimed to be due the Commercial Investment Trust Company. Neekamp had been made garnishee in the suit filed by Damron, and filed a report as such, setting up these facts. He also filed an intervening petition setting up the facts and claiming title to the car. This was filed on July 24, 1925. On the 26th of July Damron answered this pleading by a traverse and by affirmatively alleging his lien was prior in point of time and that Neekamp's lien, if existing, was fraudulent. This was controverted by rejoinder. Conner had entered his appearance to the answer prior thereto by demurrer but raised no issue of fact. The case does not appear to have been docketed or assigned for trial but on the 27th of July Damron's attorney suggested to the attorney for Neekamp that he wanted to take judgment against Conner but said nothing in reference to the Neekamp branch of the case. Neekamp's attorney assented to this and without his knowledge or consent the case was then submitted on the whole case and judgment rendered in favor of Damron ordering a sale of the machine and awarding him a priority of liens. Neekamp moved the court to

set this judgment aside, and it was modified to the extent of ordering the master commissioner to retain the proceeds of sale. Neekamp excepted, and enters motion for an appeal.

It is not alleged in the intervening petition that Neekamp is conducting the business of selling, repairing or furnishing accessories or supplies for motor vehicles, and construing his pleading most strongly against him, it will be assumed that he is not, and therefore that he is not entitled to the lien provided in section 2739h-1, Ky. Statutes. Unless such a lien is shown to exist, the provisions of subsection 2 of that section, authorizing the sale of property to satisfy the lien, do not apply. It follows that the intervening petition does not state a cause of action. No demurrer was filed to this pleading, though it was not essential for this to be done, as the court could determine the sufficiency of the pleading on final submission without a demurrer. This would entitle the appellee to an affirmance, except for the fact that the case was prematurely tried. Issues had been joined on the allegations of the pleading, and Neekamp was taken by surprise by a submission of the case. Under such circumstances he should have been given an opportunity to perfect his pleading. No other questions are decided.

Wherefore an appeal is granted, and the judgment is reversed, and cause remanded for proceedings consistent with this opinion.