## McBride v. Alles, et al.

(Decided January 24, 1928.)

### Appeal from Henderson Circuit Court.

1. Malicious Prosecution.—To sustain an action for taking out an attachment maliciously and without probable cause, both malice and want of probable cause must be shown.

2. Evidence.—In action for wrongful attachment, where attachment was discharged by circuit court on appeal from quarterly court, it must be presumed that quarterly court performed its duty, under Civil Code of Practice, sections 259, 260, to dispose of attachment on entering final judgment.

3. Pleading.—In action for alleged taking out attachment maliciously and without probable cause, where plaintiff alleged that attachment was finally discharged under order of circuit court in proceeding which was then pending in said court on appeal from quarterly court, it must be presumed, when pleading is construed against pleader, that attachment was sustained in quarterly court since Civil Code of Practice, sections 259, 260, requires disposal of attachment in entering final judgment.

4. Malicious Prosecution.—Where action by defendant, in which plaintiff's property was attached, terminated in favor of defendant in quarterly court, this was conclusive evidence of probable cause, although attachment was discharged on appeal to circuit court, and plaintiff could not maintain action for taking out attachment, alleged to have been done maliciously and without probable cause.

5. Pleading.—Pleadings are to be construed most strongly against pleader, no presumptions in his favor will be indulged in, and all

reasonable presumptions must be indulged in favor of right action of defendant, as well as against pleader.

VANCE & HEILBRONNER for appellant.

YEAMAN, PENTECOST & YEAMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Jacob Alles brought a suit against Harry McBride in the Henderson quarterly court for the recovery of $28.60 and cost, and took out an attachment, which was executed upon Frank Mitchell et al. as garnishees. They were indebted to McBride, who was a building contractor, and the funds attached were held under the attachment from the filing of the action on December 13, 1926, until the attachment was discharged on March 15, 1927. McBride then brought this suit against Alles, alleging that the attachment had been taken out maliciously and without probable cause, and praying judgment for $540 damages. The circuit court sustained a general demurrer to the petition. McBride appeals.

It has often been held by this court that, to sustain such an action, both malice and the want of probable cause must be shown. It has also been held that, if the action terminated in favor of the plaintiff, this is conclusive evidence of probable cause, although the judgment was rendered in the court in which the suit was brought, and this judgment was afterwards reversed or set aside on appeal. Basham v. Citizens' Loan Co., 216 Ky. 251, 287 S. W. 719, and cases cited. The only allegation in the petition as to the judgment in the action in which the attachment was obtained is in these words:

"Said attachment was finally discharged under an order of the Henderson circuit court in said proceeding, which was then pending in said court on appeal from the Henderson quarterly court, and this plaintiff was deprived of the use of said money for said time, and caused to lose the interest thereon."

A pleading must be construed against the pleader, and when it is alleged that the attachment was finally discharged under an order of the Henderson circuit court it must be presumed that it was not discharged before.

Sections 259 and 260 of the Civil Code of Practice provide as follows:

"An attachment obtained at the commencement of an action shall be sustained or discharged when judgment is rendered in the action, unless for sufficient cause the court extend the time of deciding upon it.

"If judgment be rendered in favor of the defendant the attachment shall be discharged."

No appeal could be taken to the circuit court until there was a final judgment in the quarterly court. It was the duty of the court in entering a final judgment to dispose of the attachment. It must be presumed that the court did its duty. As it does appear that the attachment was discharged by the circuit court, and it does not appear that it was discharged before this, it must be presumed, when the pleading is construed against the pleader, that the attachment was sustained in the quarterly court. If the attachment was sustained in the quarterly court, the plaintiff, under the authorities cited, has no cause of action, and the circuit court properly so held.

"It is a familiar common-law rule that pleadings are to be construed most strongly against the pleader, and that no presumptions in his favor will be indulged in. Moreover, all reasonable presumptions must be indulged in favor of the right action of the defendant, as well as against the pleader. This rule proceeds on the theory that, as the pleader selects the language, he should make his meaning clear." 21 R. C. L. p. 464. To same effect, see Covington v. Powell, 2 Metc. 226; Bogenschutz v. Smith, 84 Ky. 330, 1 S. W. 578, 8 Ky. Law Rep. 376; Gordon v. City National Bank, 140 Ky. 47, 130 S. W. 818.

Judgment affirmed.