## Clark v. Cincinnati, N. O. & T. P. Ry. Co. et al.

(Decided March 1, 1935.)

198

L. G. CAMPBELL for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellant filed a law action on June 27, 1934, making parties defendant the Cincinnati, New Orleans & Texas Pacific Railway Company, Alvin Jones, and Charles Trusty. The court below, after sustaining special demurrers to the petition, dismissed each of the two paragraphs and Clark appeals.

Appellant had been a section hand prior to the time of the filing of the petition and had been working on the properties of the Railway Company. Jones was the section foreman in charge, and Trusty was supervisor. Appellant alleges that the codefendants were agents of the Railway Company, but does not say how far this alleged agency extended. Appellant says that some time in 1932, after he had been working for the road for "the last five years past," and while he was still working for the company under a contract pursuant to and under the company's rules and printed instructions, the defendants in violation of same, "under which he had contracted to work, without cause and acting collusively and fraudulently, wrongfully fired or removed him, nothwithstanding his priority and rights with all its incidents and privileges." It is alleged that they permitted and allowed Claud Flynn, Tom Brown, and Roy Ramsey, each of whom were younger employees and juniors as to the rights and privileges of labor, "under his contractual place to labor or job under his and defendant's contract of employment," and then failed to say what the persons named were permitted to do, nor does he indicate what his priority rights were.

Appellant pleaded that "for the purpose of this

action," the plaintiff refers to and makes a copy of the defendant railroad's printed rules and regulations, regulating the employment of section hand laborers on defendant's railroad, bed, and tracks and as affecting the rights and incidents of such employees; and he calls upon it, the railway company to furnish plaintiff a copy of said rules for that purpose; and when so furnished him he will file same, and make it a part hereof and marked "Plaintiff's Exhibit No. 1" for identification. This was never filed, insofar as the record here discloses.

In the second paragraph of his petition appellant alleged that he had been a faithful employee for more than ten years; that no complaint was ever made against him or his work. He says that soon after he discovered that he was "fired or removed" he appealed to Jones and was directed to go to Trusty, which he did and was told the same thing that Jones had already told him; that for $10 cash paid to Trusty he would be restored to his job as section hand; and that relying upon "Jones and Trusty * * * he then and there closed the contract and paid Trusty $10.00 in cash money." He says however, that notwithstanding his demands upon them, they have never restored him to his job, nor have they repaid him his money. Appellant's prayer for relief was as follows:

"Wherefore the plaintiff Sherman Clark prays judgment against the defendants jointly and severally in the sum of Seven Hundred & Fifty ($750.00) Dollars in damages for loss of his job as a Section Hand, for more than five years, together with its incidental rights and privileges, under the Rules and Printed Regulations of the defendant railroad company, as the same is made, and as is therein provided; and he prays judgment for a return of his cash now held by the defendants Alvin Jones, and for his costs, and for all proper relief."

Appellant filed an amended petition, in which he undertakes to plead custom and usages, which had at the date of his employment in the service of defendant on the "_____ day of _____, 19—," become a permanent and fixed rule, which was "that plaintiff was to receive the same amount of wages or pay that the defendant paid or was paying to its other section-

hands, for the same number of hours of labor per day," and that "save for good cause, therefore, the plaintiff should not be or removed to give place to any junior or younger section hand." Also that by the custom and usage he was to have "his priorities and rights of employment, wages and all other incidental benefits for and during his employment," which he says was "for his good behavior."

In a second amendment he states that since the date of his discharge he has made endeavor to secure employment of a similar nature or of any nature whereby he might obtain a livelihood, but has not been enabled to do so.

To the second paragraph of appellant's petition as amended, the Railway Company filed special demurrer, which was sustained. All the defendants filed special demurrer to the first paragraph of the petition as amended, and this demurrer the court sustained. Trusty and Jones also moved the court to dismiss the second paragraph of the petition, because the amount in controversy was not more than $10, and this motion was sustained.

Following the rulings of the court as above set out, and upon plaintiffs' declining to further plead, the court dismissed the first paragraph of the petition as amended. These rulings left nothing before the court.

In the original brief appellant simply urges that the lower court erred in sustaining the special demurrer to the first paragraph, and in sustaining the general demurrer to the second paragraph. In a brief way it is argued that by reason of this court's decision in Gregg v. Starks et al., 188 Ky. 834, 224 S. W. 459, appellant had stated a cause of action holding that the state court had jurisdiction to determine a dispute between two railroad employees as to priority rights under what is known as the Transportation Act of Congress (41 Stat. 456), which would not necessarily apply here, because appellant has not pitched his case against any certain employee, but seeks to have the railroad company, or Jones and Trusty, to restore him his job. As to the claim against Jones and Trusty it is simply said that the court erred in dismissing the alleged cause as against them.

Applying the process of elimination, we shall look

first to the charge of "rolling" of appellant for his $10 in cash. No cause of action is stated against the Railway Company on account of this transaction. No charge is made that the company received or authorized Jones or Trusty to accept for it any sum of money from appellant, nor is it alleged that their agency extended thus far. In fact, appellant only sought relief of Trusty and Jones "for the cash" alleged to have been paid them. Therefore, admitting for the sake of argument that appellant has stated a cause of action against Jones and Trusty, or the Railway Company for that matter, the lower court was without jurisdiction to entertain the cause. Ky. Stats., secs. 1051, 1086. The $10 for money had and received cannot be added to the $750 sought as damages for the purpose of vesting jurisdiction in the circuit court.

With reference to the complaint of appellant to the court's action in sustaining demurrers of all the defendants to the first paragraph of the petition, we may say that as to Jones and Trusty the demurrer was properly sustained because there is no semblance of allegation which would, even by the exercise of a wide imagination, demonstrate that they or either of them possessed the power to restore appellant to his former job. The appeal for restoration was made to Trusty, therefore there is no cause of action stated against the Railway Company on account of Trusty's refusal to put appellant back to work; it not being alleged that he had the power to act for or with the company in that respect. Beyond this, giving the pleadings the widest latitude possible, no cause is stated for the simple reason that it appears from the pleadings the attempt is made to hold the company to a contract based on rules and regulations or upon some laws of Congress, not disclosed in the pleadings. We say this because of the stressed allegation that the company is engaged in interstate commerce, and because of the plea of certain rules and regulations guaranteeing appellant seniority rights and privileges. As said above, such rules and regulations, acts of Congress, or other documets manifesting such rights are not made part of the pleadings. In a reply brief of counsel for appellant, recently filed, certain unauthenticated documents are attached which seem to be copies of "Organization and Rules of Procedure" showing certain rules and regulations respecting settlement of disputes be-

tween carriers and their employees. While not for a moment questioning the authenticity of these papers, and our right to consider them if properly a part of the record, we do say that this court cannot well take into consideration papers, documents, or exhibits not filed or indorsed as filed in the trial court. Therefore we have not before us the question as to whether or not the appellees violated any contract between the Railway Company and appellant based on rules, regulations, or laws. However, we can and will determine whether or not the first paragraph of the petition stated a cause of action against the appellees, or any of them.

After the court had sustained the special demurrers to paragraph 1, and the general demurrer to paragraph 2 of the petition, leave was given appellant to amend, which leave was declined. The court then dismissed both paragraphs of the petition. This the court had the right to do, and we may review his rulings in this respect and determine whether there was cause stated. American Wire-Nail Co. v. Bayless, 91 Ky. 94, 15 S. W. 10, 12 Ky. Law Rep. 694; Neekamp v. Damron, 219 Ky. 517, 293 S. W. 1081.

The petition here attempts to set up nothing more nor less than an action for damages. It does not contain sufficient averments to allow the court to consider a plea for a restoration of appellant's former position. The prayer of the petition exemplifies the lack of pleading looking to any such relief. Damages are sought in the sum of $750, for loss of appellant's job as section hand for more than five years, in addition to incidental rights and privileges "under Rules and Regulations of the defendant railway company." In order to sustain a claim for damages for the wrongful discharge of an employee, it should be made to appear that a valid contract for such employment in fact existed at the time of his discharge. It should be shown that such contract was entered into for a definite period of time; and likewise should show obligation on the part of the employee to render service for a fixed period and reciprocal obligation on the employer's part to retain the employee's services. Dysart v. Dawkins Log & Mill Co., 222 Ky. 415, 300 S. W. 906; Hardy v. Myers, 206 Ky. 562, 267 S. W. 1110; Clay v. L. & N. R. R. Co., 254 Ky. 271, 71 S. W. (2d) 617.

In so far as is shown by appellant's petition, his

alleged contract may have expired at or prior to the time he claims he was fired or removed. The second amended petition is also deficient from a technical standpoint, because strictly construed it simply shows that at some time "since" he was discharged he attempted to obtain sustaining employment and failed. See L. & N. R. R. Co. v. Offutt, 99 Ky. 427, 36 S. W. 181, 18 Ky. Law Rep. 303, 59 Am. St. Rep. 467; Stanley v. Utilities Co., 223 Ky. 688, 4 S. W. (2d) 732. A pleading is always construed most strongly against the pleader. Brumfield v. Coach Corp., 240 Ky. 1, 40 S. W. (2d) 356; McBride v. Alles, 222 Ky. 725, 2 S. W. (2d) 391.

The attempt to plead custom and usage, as set out in the first amended petition, falls far short of averments sufficient to hold to liability either the Railway Company or the other named defendants.

We find no reason for disturbing the court's findings.

Judgment affirmed.