## GAMBREL v. UNITED MINE WORKERS OF AMERICA et al.

Court of Appeals of Kentucky.
May 23, 1952.

Floyd Taylor, Pineville, for appellant.

Lay & Knuckles and Patterson & Wilson, all of Pineville, for appellees.

MORRIS, Commissioner.

Appellant instituted action against the Southern Mining Company, the United Mine Workers of America of District No. 19, Abe Vales, President of District 19, and Emanuel Edwards, representative of U. M. W. His appeal is from a judgment dismissing his petition as amended.

In his petition his cause against the Mining Company was thus stated: "That on March 8, 1950, he was illegally discharged; that he had worked for the company for several years, and had prior to March 8, 1950, been off for several days and unable to work on account of illness; that when he reported for work on said date the defendant refused to permit him to work," and denied his request for reinstatement.

His cause against the other defendants is thus stated: After the company's refusal to allow appellant to resume work "he requested Edwards and Vales, whose duty it was to make earnest effort to adjust this matter with the Company, and carry it to the Board of Arbitration, if necessary; they failed and refused to do so, and by reason thereof plaintiff lost his job, and has been unable to secure a job since, and by reason thereof he has been damaged in the loss of wages of about $3,000." He alleged that he was fifty-six years of age, with life expectancy of seventeen years; that he would be able to work for at least ten years longer, which would result in wages to the amount of $30,000. His prayer was for judgments against defendants for $33,000.

The court, ostensibly on the ground that the petition did not sufficiently allege a contract for a definite period of time, sustained defendants' general demurrers, with leave to amend. The plaintiff then amended his petition, reiterating substantially the cause as against the Mining Company, and undertaking to strengthen his cause against the other defendants. He stated that "his action was brought under the wage agreement between the Harlan County Operators Association and District No. 19 of the United Mine Workers of America," in effect at the time of his alleged discharge. At this point it is noted that there is no allegation that the defendant Mining Company was working under the Harlan agreement. The amended petition then sets out certain provisions of the Harlan agreement, showing the rights of aggrieved parties and duties of officers and representatives of the Union.

His petition as amended was and is vulnerable for another reason: Appellant does not allege that he was a member of or affiliated with the local Mine Workers Union or any Union, hence he had no recourse to that body, therefore, the alleged representatives did not owe him the duty to take up his complaint.

Appellant's failure to allege a contract with the Mining Company for a definite period of time was fatal, as may be noted by reference to a number of cases in which we have held that in a suit for breach of contract for labor, "it should be shown that such contract was entered into for a definite period of time; and likewise should show obligation on the part of the employee to render service for a fixed period and reciprocal obligation on the employer's

part to retain the employee's services." Clark v. Cincinnati N. O. & T. P. R. Co., 258 Ky. 197, 79 S.W.2d 704, 706. When the term of service is left to the discretion of either party or when not for a definite period "either party has the right to terminate it at any time," and no cause therefor need be alleged or proven. Louisville & N. R. Co. v. Offutt, 99 Ky. 427, 36 S.W. 181, 183. The same rule has been adhered to in Edwards v. Kentucky Utilities Co., 286 Ky. 341, 150 S.W.2d 916, 135 A.L.R. 642; Clay v. Louisville & N. R. R. Co., 254 Ky. 271, 71 S.W.2d 617; Hudson v. Cincinnati N. O. & T. P. R. Co., 152 Ky. 711, 154 S.W. 47, 45 L.R.A.,N.S., 184; Louisville & N. R. R. Co. v. Wells, 289 Ky. 700, 160 S.W.2d 16.

Under authority of these cases we are compelled to hold that the court correctly sustained demurrer to the petition as amended, and properly dismissed it upon appellant's refusal to further amend.

Judgment affirmed.