**DERBY ROAD BUILDING CO., Inc.,**
**Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, W. P. Curlin, Commissioner, et al., Appellees.**

Court of Appeals of Kentucky.

June 13, 1958.

Rehearing Denied Dec. 12, 1958.

Henry E. McElwain, Jr., Oldham Clarke, B. L. Shamburger, Louisville, for appellant.

Dennie Gooch, Jr., and Astor Hogg, Asst. Attys. Gen., B. Hudson Milner, Gerald Kirven, Thomas J. Wood, Charles W. Morris, Louisville, for appellees.

STANLEY, Commissioner.

Derby Road Building Company contracted with the State Department of Highways to construct a certain part of the Watterson Expressway in Jefferson County for the sum of $484,048.03. The work was to be commenced by November 3, 1952, and completed by December 8, 1953. Before the work could be started it was necessary that the right of way be cleared of electric, telephone, gas and water lines on, under and across the right of way. This suit was instituted by Derby against the Department and the several utility companies charging that completion of the work had been delayed beyond the stipulated date because the utility companies had failed to remove their installations and the Department had failed to provide a clear and unobstructed right of way. The complaint alleged that because of its inability to begin and complete the job on time the plaintiff had become liable for liquidated damages at the rate of $30 a day and had suffered additional damages of $75,000, the total being $117,258.-68, for which judgment was asked.

The court at first entered a summary judgment dismissing the complaint against the utility companies. The plaintiff filed an appeal from that order, but we held that the judgment was not appealable since there had been no complete and final adjudication of the case. Derby Road Building Company v. Louisville Gas & Elec. Co., Ky., 299 S.W.2d 122. During the course of the proceedings below the Department of Highways filed amended answers and third party complaints against the utility companies.

The present appeal by Derby is from a judgment which confirmed the previous summary judgment and on a motion of the Department dismissed the complaint in its entirety, the order reciting that all the multiple claims were being disposed of finally. The decision was based upon the conclusion that the Commonwealth and its agency are

immune from suit, and, particularly, that they may not be held liable for damages by implication of an indebtedness. The trial court's opinion also points out that the possibility of becoming liable for liquidated damages does not afford a cause of action. It is here conceded that the claim of liquidated damages has gone out of the case since the Department extended the time for completing the job. There remains, however, the plaintiff's claim of other damages for breach of contract by the Department, in having failed to have the right of way cleared in time for the contractor to have started and completed its work in accordance with its contract, the delay resulting in considerable damages being sustained. The action against the three utility companies rests on allegations of interference with the contract relation by having failed to remove their obstructions as they were obligated and notified to do.

We lay aside for the present the case against the utility companies, and turn our attention to the case against the Department of Highways and the Commissioner.

The appellant, Derby, maintains (1) that the cloak of immunity does not cover the liability asserted, and (2) that its cause of action does not rest upon any implied contract but (a) upon the terms of the express contract with the Highway Department, or (b) if that be not sufficiently definite, then upon a condition which is implicit in every construction contract that the owner will have the premises in such shape that the contractor can perform his contract without hindrance or delay. This condition, it is argued, is an essential part of the express contract between the company and the Department.

On the other side the Department contends (1) that this is not such an action as can be maintained against the Commonwealth or its agency, and (2) that the appellant's rights and remedies must be determined by the express written contract between the parties without any implications.

The construction contract provided that the work would be done "in strict conformity with the plans and specifications therefor prepared by the Department of Highways," stated to be attached and made a part of the contract the same as if expressly copied therein. The contract further says that the reference is to the "Standard Specifications for State and Federal road and bridge construction." The complaint alleges "it was the duty of the Department of Highways and W. P. Curlin, Commissioner of Highways, to provide a clear and unobstructed right of way within which said construction contract might be performed." The Department entered a general denial of "each and every affirmative allegation" of the complaint. The specifications referred to as an exhibit filed with the complaint are not in the record, although the main contract is so filed. Ordinarily an appellate court will not consider exhibits not actually and properly made a part of the record and shown therein although they may otherwise appear or are shown, as in a brief. Clark v. Cincinnati, N. O. & T. P. Ry. Co., 258 Ky. 197, 79 S.W. 2d 704; 4A C.J.S. Appeal and Error § 1209. But the trial court's opinion says that upon request a copy of the specifications was placed before him. The appellees make no point of the omission from the record. On the contrary, the Department's brief quotes and relies upon as one of its defenses an extract from the Standard Specifications. We may, therefore, regard this as operating as a waiver and cure of the irregularity. Louisville Woolen Mills v. Kindgen, 191 Ky. 569, 231 S.W. 202, 207; 4A C.J.S. Appeal and Error §§ 1130, 1131. The quotation is as follows:

"Sect. 1.4.9. Right of Way.

"The right of way for the highway will be obtained by the Department prior to issuing the 'Notice to Begin Work,' and if the right of way for the highway has not been satisfactorily cleared of poles, pipe lines, conduits, fences, buildings, or other obstructions owned by private individuals or public

utilities, as may interfere with construction or maintenance of the road, the Commissioner may direct the Contractor to remove such obstructions as extra work in accordance with the provisions of Article 1.9.4., page 51."

Even without this express provision of the contract, it may be said that a contract for the construction of a building or highway "implies as an essential condition that a site shall be furnished upon which the structure may be erected." 9 Am.Jur., Building and Construction Contracts, § 16, citing in support, Guerini Stone Co. v. P. J. Carlin Construction Co., 248 U.S. 334, 39 S.Ct. 102, 63 L.Ed. 275. See, also, 12 Am. Jur., Contracts, § 239. This court recognizes the general principle that the omission from a contract of what is necessarily implied is immaterial. Slade v. City of Lexington, 141 Ky. 214, 132 S.W. 404, 32 L.R.A.,N.S., 201; Humphreys v. Central Kentucky Natural Gas Co., 190 Ky. 733, 229 S.W. 117, 21 A.L.R. 664. The implied condition or agreement as a prerequisite to the contractor performing his part of the contract is not to be confused with an implied contract, for a breach of which neither the state nor its agency in executing or performing a governmental function can be held liable in damages.

■ We then have a commitment and obligation of the Department to clear the right of way of the utility installations involved in this case "prior to issuing the 'Notice to Begin Work.'" The entire record (considered on the motions for summary judgments) shows that was not done and that the failure to do so occasioned, according to the allegations of the complaint, the delay in the commencement and completion of the job. The right of way was not completely cleared until September 15, 1953, or ten months after the work should have been begun.

We cannot accede to the Department's argument that the quoted and other provisions in the contract afforded the contractor a remedy. The provisions relied upon are

that upon failure of the Department to have the right of way cleared, "the Commissioner may direct the contractor to remove such obstructions as extra work" and that the resident engineer could suspend the work when necessary until conditions favorable to resumption of the work could be performed. There is no pleading or anything else in the record which tends to show that the Commissioner ever issued any such direction or order of suspension.

We come to the question of governmental immunity from suit and liability for the damages alleged.

■ First, we note the distinction that this is not an action in tort but is an action for the breach of an express contract made by the State's Department of Highways. The question of immunity from such an action and liability was fully considered in Watkins v. Department of Highways, Ky., 290 S.W.2d 28, 30. The case specifically related to the jurisdiction of the court to make effective an arbitration agreement between the Department of Highways and a firm of consulting engineers to settle a controversy over a claim for additional compensation for professional services. However, as is stated in the opinion, the basic question was whether the plaintiffs could have maintained a suit on their contract against the Department to enforce their original claims. We held, in effect, that they could do so. The following conclusions of the court are worthy of repetition as being of particular application to the case at bar, namely:

"Surely when the Department of Highways was authorized to enter into this contract, the legislature contemplated a binding agreement legally enforceable by both parties. A mutuality of obligation was created. To deny appellants a right of action would be to destroy the sanctity of all contracts made by state agencies and would seriously impair the operation of our government. It may be said that the legislature, in authorizing the Depart-

ment to enter into a contract, by necessary implication authorized it to sue or be sued thereon."

The motion of the Department to dismiss the complaint was (as were the motions of the several other defendants) treated as a motion for a summary judgment. We conclude that the court was in error in dismissing the complaint against the Department of Highways and that the case should have been tried on the merits.

We return to the case seeking damages from the several utility companies for delay in commencing and completing the road construction, which, it is alleged, was caused by their failure to sooner remove their installations. There was no contractual relation between the contractor and any of these companies. Ordinarily only those who are parties are liable for the breach of a contract, and the parties cannot impose any liability upon a stranger to the contract under its terms. As strangers to this contract, the utility companies could be held liable only for having wrongfully procured or induced the Department of Highways not to perform its contract. Such liability is predicated upon an intentional interference, malicious or without justification, with known contractual rights possessed by the party suing to recover damages therefor. Brooks v. Patterson, 234 Ky. 757, 29 S.W.2d 26, and authorities cited therein; Restatement, Torts, § 766.

The record does not show any such wrongful interference by any of these companies. Each received a letter from the Department advising it that the Department had awarded the contract for construction of this sector of the highway and asking the company to contact the resident engineer (whose name and address were given) to determine whether or not it had any installations on the right of way which must be relocated. The letter requested that any such relocation should be made as soon as possible in order to avoid delaying the work. There is no record of any wrongful or unjustifiable act on the part of these companies. A good faith controversy arose between the Department and the companies as to who should bear the cost of relocating the installations, pending final determination of which money to pay same was placed in escrow. The controversy was settled adverse to the companies in Southern Bell Tel. & Tel. Co. v. Commonwealth, Ky., 266 S.W.2d 308.

We are of opinion that the trial court properly dismissed the action against the utility companies.

The court also dismissed the cross-action of the Department against these companies. That part of the judgment is not before us since the Department has filed no appeal or cross-appeal.

The judgment dismissing so much of the complaint as sought damages from the several utility companies is affirmed. The judgment dismissing the complaint against the Department of Highways is reversed, and the case is remanded for consistent proceedings.

Affirmed in part and reversed in part.