**John A. GREER and Johnny H. Anderson, Plaintiffs,**

v.

**NATIONAL CARBIDE COMPANY, Division of Air Reduction Company, Inc., Defendant.**

**Civ. A. No. 1090.**

United States District Court
W. D. Kentucky,
at Paducah.

May 17, 1960.

Andrew J. Palmer, Paducah, Ky., for plaintiffs.

John C. Lovett, Benton, Ky., for defendant.

SHELBOURNE, Chief Judge.

On December 29, 1959, this Court passed to a later date the final decision on defendant's motion to dismiss or, in the alternative, to enter a summary judgment for the defendant. The passing of this case was to enable the defendant to disclose to the Court information said to be of such nature as, if known generally, to jeopardize peaceful labor relations at defendant's plant. After viewing the information, the Court is of opinion that at this time it is not important, relevant or material to a proper decision of this case.

As indicated in the order of December 29, 1959, the Court was then, and is now, of the opinion that the defendant's motion to dismiss should be sustained. This is because the complaint does not allege and the contract of employment does not contain a clause obligating the defendant to employ the plaintiffs or other members of the union for any specified period of time and, likewise, does not obligate the employees to work for the defendant for any specified period of time.

In the Case of Louisville & N. R. Co. v. Wells, 289 Ky. 700, 160 S.W.2d 16, the contract provided that the conductors would not be demerited, disciplined or discharged without just cause. The court there held that the contract, failing to provide for a definite period of employment, was terminable at the will of the employer or at the will of the employee.

Citing the Wells case with approval in 1952 in Gambrel v. United Mine Workers of America et al., 249 S.W.2d 158, 159, the Court of Appeals of Kentucky said:

> "Appellant's failure to allege a contract with the Mining Company for a definite period of time was fatal, as may be noted by reference to a number of cases in which we have held that in a suit for breach of contract for labor, 'it should be shown that such contract was entered into for a definite period of time; and likewise should show obligation on the part of the employee to render service for a fixed period and reciprocal obligation on the employer's part to retain the employee's services.' Clark v. Cincinnati N. O. & T. P. R. Co., 258 Ky. 197, 79 S.W. 2d 704, 706. When the term of service is left to the discretion of either party *or when not for a definite period 'either party has the right to terminate it at any time,' and no cause therefor need be alleged or proven.*" (Emphasis added.)

To the same effect is the subsequent case of Production Oil Co. v. Johnson, Ky., 313 S.W.2d 411, decided in May, 1958.

The complaint here, therefore, did not state a claim upon which relief could have been granted to the plaintiffs. The complaint could not have been amended so as to constitute such a claim because the contract of employment neither obligated the employer to employ the plaintiffs for any definite period of time nor did it obligate the plaintiffs to work for any definite period of time.

This question is decisive of the case and it is unnecessary for the Court to determine whether the claims of the plaintiffs constitute individual grievances which should be determined under the provisions of the contract relating to grievances (including arbitration), or whether their claims could be asserted in a suit against the defendant, as they are here attempting to assert. However, the Court is of the opinion that the plaintiffs were required to exhaust their administrative remedies as provided in the contract for presenting grievances. See Smith v. Hillerich & Bradsby Co., Ky., 253 S.W.2d 629; Norman v. Southern Bell Tel. & Tel. Co., Ky., 322 S.W.2d 95.

The motion to dismiss is sustained and an order is this day entered so providing.