**COMMONWEALTH of Kentucky, Petitioner,**

v.

**Honorable R. Cletus MARICLE, Judge, Clay Circuit Court, Respondent,**

and

**Donald R. Phillips and Mary Ann Phillips, Real Parties in Interest.**

No. 2000–SC–0036–OA.

Supreme Court of Kentucky.

April 20, 2000.

---

A.B. Chandler, III, Attorney General of Kentucky, David A. Smith, Dana M. Todd, Assistant Attorneys General, Criminal Appellate Division, Office of the Attorney General, Frankfort, Karen M. Timmel, Bill Pettus, Assistant Attorneys General, Special Prosecutions Division, Office of the Attorney General, Frankfort, for Appellant.

R. Cletus Maricle, Judge, Clay Circuit Court, Manchester, for Respondent.

Stephan Charles, Manchester, for Donald R. Phillips.

Roger A. Gibbs, Kristen A. Bailey, Assistant Public Advocates, London, for Mary Ann Phillips.

JOHNSTONE, Justice.

The Commonwealth of Kentucky petitions this Court for a writ of prohibition to prevent the trial court from enforcing its order precluding the Commonwealth from seeking the death penalty against Respondent, Donald R. Phillips. Additionally, the Commonwealth seeks a writ of mandamus to order the trial court to allow the case to proceed as a capital case. We deny the petition for prohibition as moot and deny

the petition for mandamus as not being ripe for review.

Osa Lee Maggard and Geneva Young were found shot to death on Maggard's porch in Leslie County on July 22, 1999. Donald and Mary Ann Phillips were taken into custody in connection with the murders on July 23, 1999. Donald was indicted for the murders on August 4, 1999, and Mary Ann was indicted for the murders on September 1, 1999. Subsequently, "[o]n representation by the Commonwealth Attorney, Gary Gregory, that this would not be a death penalty case and that the Commonwealth would not seek the death penalty, trial was scheduled for January 18, 2000." *Opinion and Order,* 99–CR–00027–001 and 99–CR–00027–002 (Leslie Circuit Court, entered January 17, 2000).

The trial court granted Commonwealth Attorney Gregory's motion to withdraw as prosecutor on November 23, 1999. A special prosecutor from the Attorney General's Office entered as counsel of record for the Commonwealth on November 15, 1999. In spite of Gregory's previous assurances that the Commonwealth would not seek the death penalty, the special prosecutor filed a notice of intent to seek the death penalty on December 10, 1999.

Donald Phillips filed a motion to exclude death as a potential penalty on December 10, 1999. Arguments on the motion were made before the trial court on January 5, 2000. A telephonic conference was held on the matter on January 7, 2000, at which time the trial court advised all parties that the death penalty would be excluded as a potential penalty for Donald Phillips for the trial scheduled on January 18, 2000. The Commonwealth then filed the instant petition for a writ of prohibition and mandamus along with a motion to stay the proceedings in the trial court. We granted the motion to stay the proceedings by order on January 14, 2000. Oral argument was heard on the Commonwealth's petition on February 15, 2000.

We granted the Commonwealth's motion to stay the proceedings before the trial court could reduce its order excluding the death penalty to written form. Nonetheless, the trial court subsequently reduced its oral ruling to a written opinion and order "so there will be no misunderstanding as to what the ruling was." *Opinion and Order, supra.* The referred to ruling is the ruling precluding the Commonwealth from seeking the death penalty against Donald Phillips made pursuant to the January 7 telephone conference. No argument is made that the written order does not accurately reflect the substance of the trial court's oral order of January 7, 2000. Thus, we assume that the oral order and the written order are one and the same.

The Commonwealth "petitions this Court for a writ prohibiting the Respondent Judge from amending the charges herein from capital murder to non-capital murder prior to commencement of the trial. The Commonwealth further petitions for mandamus relief requiring the Respondent Judge to permit this case to proceed as a capital prosecution." The Commonwealth's plea for relief misstates and misinterprets the trial court's Opinion and Order, which was narrowly drawn and states in pertinent part:

The defendant, Don Roland Phillips relie[s] on the case of *Smith v. Commonwealth,* Ky., 845 S.W.2d 534 (1993), to support [his] position why the death penalty should not be considered in this case. In that case the Commonwealth had given notice of intention to seek the death penalty but had practiced the case as though it [was] not a death penalty case until six days before the trial. Death penalty was imposed, and the case was reversed. Even though that is one possible interpretation of *Smith v. Commonwealth, supra,* the Court did not adopt that interpretation but rather *found that forty-six days was not sufficient notice for seeking the death penalty. Even though the Commonwealth argued in its written motions that such was sufficient notice, the Common-*

*wealth conceded on the date of the hearings on January 5, 2000, that forty-six days was not sufficient time.*

The defendant, Donald R. Phillips, also filed a demand for speedy trial. The Commonwealth responded citing the four factors to be considered when determining whether [the] right to speedy trial has been violated. One is the length of delay[,] which at this time could be substantial. Two is the reason for delay, which at this time [the] Commonwealth is responsible. Three is the defendant's assertion of his right to a speedy trial, which the defendant has demanded. Four is prejudice to the defendant, who is presently incarcerated.

For the foregoing reasons, the motion of the defendant to exclude the death penalty in the trial scheduled for January 18, 2000, as to the defendant Don Roland Phillips, is [granted] only to the extent that it will not be a permissible penalty for the trial scheduled January 18, 2000.

*Opinion and Order, supra* (emphasis added).

■ Upon review of the trial court's Opinion and Order and the transcript of the hearing on the Phillips' motion to exclude the death penalty, it is clear that the trial court relied heavily on our decision in *Smith v. Commonwealth*, Ky., 845 S.W.2d 534 (1993). In *Smith*, we stated:

Six days' notice is inadequate notice to prepare for the guilt phase of a capital trial. . . .

In the instant case the inadequate notice led to inadequate preparation for the penalty phase of the trial. It has long been held in Kentucky that the constitutional right to be represented by counsel includes the right to have reasonable time and opportunity for preparation. *Davis v. Commonwealth*, 310 Ky. 360, 220 S.W.2d 844 (1949). If defense counsel is not given adequate time in which to prepare for the penalty phase of a capital trial, the adversarial

system has most certainly malfunctioned.

*Id.* at 537. Our ultimate holding was to "affirm the guilt phase of appellant's trial, but reverse and remand for a resentencing hearing to be conducted consistent with this opinion." *Id.* at 539. Thus, under *Smith*, a defendant cannot be made to face the sentencing phase of a capital trial unless he or she is first given sufficient notice of the Commonwealth's intention to seek the death penalty.

■ In the instant case, the trial court found that the Commonwealth had not provided Phillips sufficient notice to give him adequate time to prepare for a possible penalty phase in which death was an option. We cannot say that the trial court abused its discretion in finding that forty-six days was insufficient notice under *Smith*. Moreover, the Commonwealth conceded as much in the January 5 hearing. The trial court's order excluding death as a possible penalty was specifically limited to the January 18 trial date. That trial date has long come and gone and no trial was held. Therefore, to the extent that the Commonwealth's petition seeks to prohibit the trial court from enforcing this order, the issue is moot.

■ The Commonwealth also seeks a writ of mandamus to order the trial court to allow this case to proceed as a capital prosecution. As the trial court's order excluding death as a possible punishment was limited to the now past January 18 trial date, this part of the Commonwealth's petition is not ripe for review.

■ Obviously, a new trial date will have to be set in this case. This Court is not clairvoyant; we cannot predict whether Phillips will renew his motion to exclude death as a possible penalty once a new trial date is set. Further, if Phillips does renew the motion, we cannot predict what grounds he will raise in the motion. In order for us to order the trial court to allow this case to proceed as a capital trial, we would have to decide issues neither

raised nor decided by the trial court. Such a result is utterly contrary to the general and sound rule that this Court is limited to the review of those issues that were raised and ruled on by the trial court. *Robinette v. Commonwealth, Department of Highways,* Ky., 380 S.W.2d 78, 81 (1964). Nor will we address issues raised, but not decided by the trial court. *Gailor v. Alsabi,* Ky., 990 S.W.2d 597, 602 (1999).

In the instant case, the only issue decided by the trial court in its order was whether the Commonwealth could seek the death penalty against Donald Phillips at the trial set to begin on January 18, 2000. Only the issues both raised and decided in this order are subject to our review. We have already addressed the issue of whether the trial court abused its discretion in finding that forty-six days was insufficient time to prepare for a death penalty case under the holding of *Smith, supra.* The only other issue raised in the order concerned Phillips' right to a speedy trial. However, that issue was not decided by the trial court except, perhaps, to the extent that the January 18 trial date did not violate Phillips' right to a speedy trial.

In his motion to exclude death as a possible penalty, Phillips raised a number of issues in addition to his argument that he was not given sufficient notice to prepare for a death penalty case. One argument he advanced was that to allow the Commonwealth to try his case as a death case would violate his right to a speedy trial. Phillips argued that to allow the Commonwealth to seek the death penalty would necessitate the granting of a lengthy continuance in order to allow him needed time to prepare an adequate defense to the enhanced penalty.

In the January 5 hearing on Phillips' motion to exclude the death penalty, the Commonwealth indicated that forty-six days was not sufficient time to prepare a death case. While it suggested that a continuance might cure the inadequate notice, the Commonwealth never moved for a continuance. Rather, it put the cart before the horse by suggesting that Phillips could make such a motion after the trial court had denied the motion to exclude death as a possible punishment. Thus, the question of whether a continuance beyond the January 18 trial date would violate Phillips' right to a speedy trial was neither raised nor resolved in the trial court's order excluding death as a possible penalty.

■ Contrary to the Commonwealth's argument on appeal, the trial court did not find that the Commonwealth was bound by Commonwealth Attorney Gregory's representation that the case against Donald Phillips would not be tried as a death case. In other words, the trial court's order does not preclude death as a possible punishment on grounds that an agreement between the Commonwealth and Phillips had been struck such that the Commonwealth could not go back on its promise. *See e.g., Workman v. Commonwealth,* Ky., 580 S.W.2d 206, 207 (1979), *overruled on other grounds, Morton v. Commonwealth,* Ky., 817 S.W.2d 218 (1991) (Commonwealth could not welsh on its bargain with defendant to dismiss charges if the defendant took and passed a polygraph examination). Thus, this issue is not before us. For the sake of clarity, we note that we do not hold that Gregory's representation is binding on the Commonwealth. Nor do we hold that the Commonwealth is precluded from seeking the death penalty against Phillips once a new trial date is set.

We decline to reach the merits of the Commonwealth's petition for mandamus to order the trial court to allow the case against Donald Phillips to proceed as a death case. The trial court's order does not preclude the Commonwealth from seeking the death penalty against Donald at a future date. Thus, the issue is not an actual case or controversy before this Court; the issue is not ripe for review. To grant the Commonwealth's petition for a mandamus would require the rendition of an advisory opinion, which is beyond the constitutional powers of this Court. *In re*

*Constitutionality of House Bill No. 222.*, Ky., 262 Ky. 437, 90 S.W.2d 692, 693 (1936).

For the reasons set forth above, the Commonwealth's petition is hereby denied.

All concur.